IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Yellow 2000 of Philadelphia | : |
| | : |
| v. | : No. 2036 C.D. 2015 |
| | : Submitted:  June 17, 2016 |
| Philadelphia Parking Authority, | : |
| Appellant | : |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                                         FILED: July 11, 2016

The Philadelphia Parking Authority (Authority) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) reversing the Philadelphia Parking Authority Taxicab and Limousine Division's (Hearing Officer's) order granting the Authority's motion to amend owner citation T-16044 (Citation) against Yellow 2000 of Philadelphia, Inc. (Yellow) to include a violation of 52 Pa. Code §1017.24 because the Hearing Officer did not have jurisdiction and authority to amend the  citation.  We reverse.

On November 22, 2013, Division Inspector Steven Owens (Owens) issued the Citation against Yellow for violating 52 Pa. Code §1017.5 because its medallion taxicab P-794 had an "Incomplete Communication System" explaining the "vehicle was stopped for a routine inspection at 30ᵗʰ St. Train Station and GPS

was not working[.] I wai[ted] 15 min to see if it would turn on and it did not." (Reproduced Record at 29a.) Yellow received a reducible penalty of $350.00 and its medallion taxicab was placed out of service. Yellow timely contested the citation.

At the February 12, 2015 administrative hearing, the Authority moved to amend the citation to include an alleged violation of 52 Pa. Code §1017.24 which specifically requires an operating GPS. Over the objection of counsel for Yellow, the Hearing Officer allowed the amendment. Although the Hearing Officer offered to continue the matter in order to give Yellow further opportunity to prepare a defense for the amended citation, Yellow rejected the offer and elected to proceed with the case.

At the hearing, Owens testified that he was the inspecting officer that issued the citation to Yellow's taxicab on November 22, 2013. Owens stated that when he conducted the inspection, the driver admitted that the GPS was not working that day, and that although the GPS would power on, it would neither receive input nor provide directions. Owens stated that he waited 15 minutes for the GPS to properly work and gave the driver an opportunity to get the GPS to work. Owens stated that Yellow was issued a citation for an incomplete communication system under 52 Pa. Code §1017.5 because the GPS is a component of the communication system and must be operational when a taxicab is in service and because the GPS, meter and credit card system are required to work in conjunction with one another.

2

Based on that evidence, the Hearing Officer found Yellow liable for violating 52 Pa. Code §1017.24 and imposed a penalty of $350.00, along with a $75.00 administrative hearing fee. Yellow timely appealed the order to the trial court, which reversed the Hearing Officer's decision, reasoning that the Hearing Officer's jurisdiction over a contested citation is confined to the violations listed in the citation, and that he had no authority to allow an amendment because the violations were substantively different and past the time given to the Authority to amend the citations. The Authority then filed this appeal.

On appeal, the Authority contends that the trial court erred when it found that under 53 Pa. C.S. §5705, a hearing officer neither has the jurisdiction nor authority to amend contested citations.[1] 53 Pa. C.S. §5705(a) provides that "[t]he authority may establish order[s] or regulations which designate rules and procedures for the adjudication of complaints." *Id.* Moreover, hearing officers are permitted "at any stage of an action or proceeding [to] disregard an error or defect of procedure which does not affect the substantive rights of the parties." 52 Pa. Code §1001.3(a). This includes a hearing officer's ability to amend pleadings:

> (a) *Generally*. A modification of or supplement to an application, complaint, petition or other pleading shall be deemed as an amendment to the pleading, and must comply with the requirements in this chapter relating to the pleading amended.

---

[1] Yellow has moved to strike portions of the Authority's brief as it pertains to a hearing officer's discretion to permit amendment. It contends that the Authority has waived the issue under Pa. R.A.P. 302(a) because the Authority failed to cite to specific regulations prior to this appeal. Contrary to Yellow's contention, this issue was not waived because the central issue has remained whether a hearing officer has discretion and authority to amend contested citations.

3

> (b) *Limitation*. An amendment to a pleading may not be filed more than 20 days after the date an answer or other response to the original pleading was due to be filed with the Clerk, unless directed or permitted by the Authority or the presiding officer after opportunity for all parties to be heard thereon.

52 Pa. Code §1005.61. Because a form citation falls within the category of a "pleading," a hearing officer has the authority and discretion to amend contested citations. *See* 52 Pa. Code §1005.1 (defining a pleading to include "Formal complaint, answer, new matter and reply to new matter"); *also id.* at §1005.13(a) ("The Enforcement Department or trial counsel may issue a formal complaint through a form citation for any violation of the act, this part or order of the Authority.").

When the Authority moved to amend the Citation at a hearing several months after it was issued, it was well-beyond the 20-day timeframe set forth in 52 Pa. Code §1005.61(b), but it was still in the Hearing Officer's sound discretion to permit the amendment so long as the Hearing Officer provided an "opportunity for all parties to be heard thereon." 52 Pa. Code §1005.61(b).

The question then is whether the Hearing Officer abused his discretion by allowing the amendment. The original Citation for violating 52 Pa. Code §1017.5 is not applicable to matters involving an inoperative GPS because this provision only requires that the taxicab have an approved meter. *Id.* at §1017.5(b)(13). 52 Pa. Code §1017.24, however, does much more in that it requires that "[t]he taxicab meter must be in operation during the entire time the vehicle is engaged by a passenger" and requires meters to include GPS capabilities.

4

*Id.* at §1017.24(d)(2)&(3). However, because the Citation's explanatory section states that the Citation is for an inoperative GPS, it placed Yellow on notice as to what was the factual basis for the charge from the moment it was issued, and the citation of an incorrect provision was a procedural error that the Hearing Officer was permitted to correct. *See* 52 Pa. Code §1005.61; *also id.* at §1001.3(a) ("The Authority or presiding officer at any stage of an action or proceeding may disregard an error or defect of procedure which does not affect the substantive rights of the parties.").

Yellow also contends that amending the Citation is a violation of its due process rights. First, as mentioned, Yellow knew the substance of the charge from the moment it was issued. Second, Yellow refused the Hearing Officer's offer to provide it with further opportunity and time to prepare after the amendment was granted, and Yellow has also failed to demonstrate a clear harm resulting from this procedural error save for having to face the consequence of its violation. As we have explained, "the mere demonstration of a potential procedural error, without also alleging a resulting harm, is not sufficient reason to disturb an agency adjudication." *See D.Z. v. Bethlehem Area School District*, 2 A.3d 712, 719 (Pa. Cmwlth. 2010) (quoting *Seltzer v. Department of Education*, 782 A.2d 48, 53 (Pa. Cmwlth. 2001)).

Accordingly, because the Hearing Officer had the authority to amend the form Citation and gave both parties an opportunity to be heard, we reverse the trial court's determination and reinstate the decision of the Hearing Officer

5

imposing a penalty of $350.00 for a violation 52 Pa. Code §1017.4 with an additional administrative hearing cost of $75.00.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yellow 2000 of Philadelphia    :
    :
       v.             : No. 2036 C.D. 2015
    :
Philadelphia Parking Authority,    :
           Appellant    :

**O R D E R**

AND NOW, this 11th day of July, 2016, it is hereby ordered that the Court of Common Pleas of Philadelphia County's order dated October 2, 2015, at Case No. 01161, is reversed, and Yellow 2000 of Philadelphia's motion to strike portions of the Philadelphia Parking Authority's brief is denied.

_____
DAN PELLEGRINI, Senior Judge